SHEA, Overseer of Poor, v. LOESCHER et al.

(Supreme Court, Appellate Division, Second Department. December 24, 1915.)

BASTARDS ⬡⟶86—BONDS FOR SUPPORT—NATURE AND EXTENT OF LIABILITY.
Where a bond given by defendants to indemnify a town against a bastard child becoming a public charge was such a bond as the statute required, and contained no limitation upon its running, defendants were liable upon the child becoming a public charge three years after the bond was given, though a justice of the peace and the town supervisor told defendants, and all of the parties believed, that the bond ran for one year only, as there could be no estoppel, since the public officials concerned could have accepted no other kind of a bond.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 217, 218; Dec. Dig. ⬡⟶86.]

Appeal from Westchester County Court.

Action by Simon T. Shea, as Overseer of the Poor of the Town of Harrison, against Gustave Loescher and others. From a judgment in favor of defendants, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and RICH, JJ.

Robert R. Rosan, of Port Chester (William Baruch, of Port Chester, on the brief), for appellant.

Humphrey J. Lynch, of White Plains, for respondents.

CARR, J. The defendants are husband and wife. They have a young son, who was adjudged the putative father of a bastard child about to be born of a woman nearly twice his age. They paid the estimated expenses of the woman's confinement and gave a bond to the town of Harrison, Westchester county, indemnifying the town against the child becoming a public charge. About three years after the bond was given, the town brought this action to recover upon the bond; the child in the meantime having become a public charge. The defendants defended on the ground that the bond was executed and delivered upon

a mistake on their part, induced by statements of the justices of the peace and the supervisor of the town. This mistake was as to the duration of the obligation. They proved at the trial that, when they executed the bond, they thought it ran for one year only, and that their belief as to this point was formed upon statements made to them by one of the justices of the peace and by the town supervisor, whom they consulted.

There is no question in this case of fraudulent representations. Nor is there any question that the defendants had an honest belief as to the duration of the bond. Yet the bond by its language had no limitation upon its running. It was just such a bond as the statute required in bastardy proceedings. There can be no question of estoppel here, for none of the public officials concerned could have accepted any other kind of a bond, and all of them were mistaken honestly in their conception of its legal effect. Yet this is not enough to render the bond inoperative; otherwise, few of these bonds might survive. It may be hard upon these defendants to be obligated beyond their intention when they executed and delivered the instrument of obligation. But public policy controls the construction of bonds of this character. The defense of the defendants was insufficient upon its face.

The judgment of the County Court of Westchester County in favor of the defendants, and the order denying a motion for a new trial, must be reversed, and a new trial ordered; costs to abide the event. All concur.